## In re LEWIN.

(District Court, S. D. New York. January, 1907.)

BANKRUPTCY—DISCHARGE—CONCEALMENT OF BOOKS.

A bankrupt *held*, on the evidence, not entitled to a discharge, on the ground that he caused his books of account to be removed from his safe and concealed, with intent to conceal his financial condition.

In Bankruptcy. On motion to confirm referee's report recommending the granting of discharge.

Lawrence L. Goldberg, for the motion.

James N. Rosenberg and Robert P. Levis, opposed.

HOUGH, District Judge. I do not think that the evidence can be said to definitely show a concealment of goods. There was a very extraordinary absence of goods at Lewin's place a short time before his illness; but that is just as consistent with extravagance as with concealment. It has, however, induced me to scan narrowly the testimony in respect to Lewin's books of account. I am convinced, from the evidence, that when Lewin left his store on the afternoon of the day on which he was hurt the books were in the safe. I am convinced that the safe remained intact until it came into the hands of the receiver. Lewin testified specifically that his insurance policy was in the safe, and the evidence is uncontradicted that the insurance policy was in the safe when it passed into the hands of the receiver. It is not suggested that the safe has been tampered with, in the sense that any one broke into it. Being a combination safe, it could not have been broken open without the lock showing the result of violence. No one had any interest to remove the books from the safe, but Lewin or somebody in his interest; and the inference is irresistible that, since the things of no value were found intact when the safe was opened, and the safe itself in good conditon, that the articles of value, to wit, the books, had been removed by some one knowing the combination, and no one knew the combination except Lewin.

Putting together his ability to get the books out and an apparent motive to secrete the books, there results, I think, a strong burden of proof upon Lewin to rebut the presumption that he took them. In other words, the proof is such as to shift the burden, which in the first instance lies on the objecting creditors. Lewin has not borne it. His cross-examination in respect of the information or misinformation that he gave when his schedules were prepared is most destructive, and the testimony of his attorney singularly unconvincing. I put my decision on the ground, as above indicated, that the creditors have offered enough testimony to shift the burden of proof to the bankrupt, and he has not borne it; but my belief regarding the transaction shown by the evidence is that, whatever may have been the shortcomings of Lewin before, his illness induced the removal of the books from the safe and their concealment.

The report of the special master is disapproved, and discharge denied.